## THE UNITED STATES OF AMERICA.

*v.*

ENRIQUE CASTRO MARTINEZ, LUIS SANQUIRICO, NARCISO SAIS, JR., CELSO SUAREZ, JOSE LEON, JOAQUIN L. MIRO, ULISES A. MARTINEZ, SERGIO SEIJO, RAFAEL SEIJO, JUAN LACOMBA, GUMERSINDO COLON, RAMON VALCOURT QUESTALL, LEONDRO GUERRA AND GONZALO CORDOVA DAVILA.

San Juan, Criminal, No. 3054.

Opinion filed June 27, 1923.

---

*Martin Travieso, Esq.,* for Enrique Castro Martinez and Luis Sanquirico.

*M. M. Martin, Esq.,* for Celso Suarez and Jose Leon.

*E. B. Wilcox, Esq.,* for Ulises Martinez.

*Mr. Juan B. Soto* and *M. M. Martin, Esq.,* for Joaquin L. Miro.

*Hugh R. Francis, Esq.,* for Rafael and Sergio Seijo.

*B. F. Sanchez, Esq.,* for Juan Lacomba and Ramon Valcourt Questall.

*Mr. Jaime Sifre, Jr.,* for Gonzalo Cordova Davila.

*A. R. de Jesus, Esq.,* for Narciso Sais, Jr.

*James Foster Henry, Esq.,* for Leondro Guerra and Gumersindo Colon.

182

ODLIN, Judge, delivered the following opinion:

The jury being recalled to the court room, the court delivered the following direction to the jury:

Of the fourteen men on trial, the district attorney has announced that he does not expect any verdict of guilty against Jose Leon, Joaquin L. Miro, Sergio Seijo, Ramon Valcourt Questall or Gonzalo Cordova Davila. Therefore, a verdict of "not guilty" as to these five men will be rendered in accordance with the statement of the United States attorney.

With regard to the other nine defendants, namely, Enrique Castro Martinez, Luis Sanquirico, Narciso Sais, Jr., Celso Suarez, Ulises A. Martinez, Juan Lacomba, Gumersindo Colon, Leondro Guerra, and Rafael Seijo, motions have been submitted to this court and argued in the absence of you gentlemen of the jury, asking the court to direct a verdict of "not guilty" with respect to these nine defendants. The granting of these motions has been opposed by the United States district attorney and the same argued at length before the judge of this court.

It is unnecessary in this opinion to mention more than two grounds of the motion, as it seems to me. The first ground raised is that there is an averment in the indictment that the alcohol mentioned in the indictment is an intoxicating liquor and fit for beverage purposes, and counsel for the nine defendants state that there has been no proof offered by the United States attorney that this alcohol was fit for beverage purposes. Inasmuch as the language of the act of Congress in § 1, title 2, of the National Prohibition Act, places alcohol in exactly the same paragraph and as part of the list of unlawful liquor, in the same manner in which there is mentioned

brandy, whisky, rum, gin, beer, ale, porter and wine, and, inasmuch as the language set forth by Congress in § 1, title 2, specifically carries this definition into title 3, the court is of the opinion that the indictment is sufficient, and that the proof of alcohol necessarily carries with it until denied by the defendants that such alcohol was an intoxicating liquor and was fit for beverage purposes. Therefore, that ground of the motion I feel it my duty to deny.

The other principal ground relied upon by counsel for these nine defendants is that no verdict should be rendered against any of these nine defendants because of the lack of corroboration of the testimony of the witness Hess, who admits that he himself committed a crime, and by him it was sought to prove that these nine defendants participated in that crime, in other words, that there was a conspiracy to violate an act of Congress and that these nine defendants were co-conspirators with the witness Hess. It is admitted that there is no corroboration of his statement, and the question submitted to the court is whether it is my duty to allow this case to go to the jury upon the uncorroborated testimony of the witness Hess, or whether it is my duty to instruct the jury that they may not convict any of these nine defendants upon the uncorroborated testimony of the witness Hess.

An examination of the decision of the Supreme Court of the United States in the case of Holmgren v. United States, reported in 217 U. S. page 509, 54 L. ed. 861, 30 Sup. Ct. Rep. 588, 19 Ann. Cas. 778, where a conviction was affirmed upon the testimony of an accomplice who was not corroborated, and an examination of the later case entitled Caminetti v. United States, reported in 242 U. S. page 470, 61 L. ed. 442,

L.R.A.1917F, 502, 37 Sup. Ct. Rep. 192, Ann. Cas. 1917B, 1168, where a conviction was affirmed by a divided court upon the testimony of the two accomplices, inclined me at first to believe it to be my duty to allow this present case to go to the jury. Furthermore, the United States district attorney has relied with great force upon a still later decision, being that of Albert v. United States, reported in 281 Fed. page 511. This case was decided by the three judges of the sixth circuit court of appeals, and they distinctly held that where a conviction rested largely or even entirely upon the testimony of an accomplice, the verdict of guilty would not be invalidated provided the jury was properly instructed with respect to consideration of such testimony. At first glance, therefore, it seemed to me that I would be obliged to let this present case go to the jury, as was properly done in the Albert case.

Counsel for the defendants have referred me to an interesting case decided by Mr. District Judge Thomas, sitting in the Federal court of New York city in the year 1918. This case is entitled United States v. Murphy, and is reported in 253 Fed. page 404. Judge Thomas refers to these cases which have been mentioned above, decided by the United States Supreme Court, and his interesting opinion shows that three men were on trial for conspiracy to steal from a national bank, and the government rested its case upon the testimony of a witness named Brice, who admittedly was an accomplice, but Brice was discredited. It was shown that his testimony was at different times inconsistent. In the present case it was necessary for the district attorney, before obtaining from the witness Hess the testimony which the former desired, to extract from the witness Hess admissions as to previous statements made by

him, under oath, before the grand jury.  In other words, it was necessary for the district attorney to impeach his own witness before obtaining the testimony which the district attorney unquestionably believed he was entitled to submit to a jury. Judge Thomas shows distinctly that in these cases decided in favor of the United States by the highest court, there is nothing to show that the accomplices who were presented as witnesses were discredited, and he draws a clear distinction between a case where the government relies on an accomplice whose testimony is not discredited and not impeached, and the testimony of an accomplice who is discredited or is impeached. Judge Thomas distinctly holds that whenever a discredited witness, upon whom the prosecution relies, in a Federal court, is sufficiently corroborated to take the case to a jury is a question of law upon which it is the duty of the presiding judge to rule.

At page 410, vol. 253 Fed. there appears the following language, which was addressed by Judge Thomas to the jury: "Gentlemen of the jury, I excused you for the purpose of hearing argument on a motion.  That motion was based upon propositions of law, and because that is of no concern to you, you were excused.  As the result of the argument and deliberations, the motion has been granted.  The motion that was made was that the court direct a verdict of acquittal for the defendants Rogers and Oppenheim, and, as I say, after the argument and deliberations, I have granted the motion.  You therefore will report a verdict of not guilty, so far as Rogers and Oppenheim are concerned."

Believing that this case is exactly like the case of the United States v. Murphy, I now direct you gentlemen of the

jury to return the following verdict: "That the defendants Enrique Castro Martinez, Luis Sanquirico, Narciso Sais, Jr., Celso Suarez, Ulises A. Martinez, Rafael Seijo, Juan Lacomba, Gumersindo Colon and Leondro Guerra are not guilty and that this verdict is rendered in accordance with the instructions of the court."

Done and ordered in open court, at San Juan, Porto Rico, this 27th day of June, 1923.